**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MICHAEL FOLKENROTH**                                                              **PLAINTIFF**

V.                              NO. 4:12CV00646-SWW-BD

**KENNY DUNHAM,**
**RANDY MURRY AND SCOTT BRADLEY**                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.  Background:

Plaintiff Michael Folkenroth, an Arkansas Department of Correction ("ADC") inmate formerly housed at the Van Buren County Detention Center, filed this complaint pro se under 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his medical needs. (Docket entry #2) He also alleged that Defendants violated his constitutional rights by failing to respond to his grievances. He named as Defendants Van Buren jail administrators Kenny Dunham and Randy Murray, as well as the Sheriff of Van Buren County, Scott Bradley.

Defendants have now moved for summary judgment. (#21) Mr. Folkenroth has responded to the Defendants' motion (#25), and the motion is ready for decision. Based on the evidence presented, the Court recommends that the Defendants' motion for summary judgment (#21) be GRANTED and that Mr. Folkenroth's claims be DISMISSED, with prejudice.[1]

---

[1] Because the Court concludes that Mr. Folkenroth's claims fail as a matter of law, it is not necessary to address the Defendants' qualified immunity argument in this Recommendation.

### III.   Discussion:

#### A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When the nonmoving party cannot come forward with enough evidence to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

#### B.   Official Capacity Claims

All Defendants are employees of Van Buren County, Arkansas. Mr. Folkenroth's claims against the Defendants in their official capacities are, in effect, claims against Van Buren County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Counties are not liable under § 1983 based solely on the employment relationship between the county and its employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98

S.Ct. 2018 (1978). Rather, a county can be held liable for the acts of its employee only where the employee was carrying out a county policy or custom when the constitutional violation occurred.[2] *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).

Here, Mr. Folkenroth has failed to provide any evidence showing that Van Buren County had an unconstitutional policy or custom that caused him harm. Accordingly, his claims against the Defendants in their official capacities fail as matter of law.

C.  **Deliberate Indifference**

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996).[3]  A plaintiff cannot show that there is a

---

[2] For purposes of § 1983, a policy is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Marksmeier v. Davie*, 622 F.3d 896, 902 (8th Cir. 2010). To establish a custom, a plaintiff must prove that the county engaged in a continuing pattern of unconstitutional misconduct, not just a single unconstitutional act. *Id.* at 902–903.

[3] Pretrial detainees' claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's prohibition against cruel and unusual punishment. This distinction, however, "makes little difference as a practical matter... . Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007).

disputed issue of fact that must be decided at a trial by asserting that he believes more should have been done. *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997).

Defendants first contend that Mr. Folkenroth has failed to prove that he suffered from a serious medical need. It is undisputed that, prior to his incarceration, Mr. Folkenroth did not have any active prescriptions; nor had he received consistent medical treatment for any condition which he claims to have suffered while housed in the Detention Center. That said, viewing the evidence in the light most favorable to Mr. Folkenroth, the Court will assume that he had a serious medical need. (#23-6 at pp.5-8) The undisputed evidence shows, however, that Mr. Folkenroth's medical needs were consistently monitored while he was housed at the Detention Center.

According to his medical records, on April 5, 2012, Mr. Folkenroth completed a medical request form asking to be seen by a doctor for medical evaluation. (#23-2 at p.1) On April 10, 2012, he was seen by Dr. Abiseid, who prescribed Trazodone and Klonopin (Clonazepam). (#23-3 at p.3) The next day, Mr. Folkenroth's prescriptions were filled and provided to him. (#23-2 at p.18)

On May 22, 2012, Mr. Folkenroth again requested medical treatment complaining that his medications were not effective. (#23-2 at p.2) Two days later, Mr. Folkenroth was seen by a physician. (#23-3 at p.4)

On July 14, 2012, Mr. Folkenroth again requested to speak to someone about his medication, alleging that he had not received his medication for approximately four

weeks. (#23-2 at p.4) Importantly, however, Mr. Folkenroth's medical records show that he consistently received Clonazepam, Tramadol, and Trazodone during June and July of 2012. (#23-2 at pp.21-24)

On July 31, 2012, Mr. Folkenroth was examined by a physician after complaining of dizziness and problems hearing. (#23-5 at pp.3-22) No changes were made to his medication at that time. (#23-2 at pp.6-7)

Between July 31, 2012, and October 10, 2012, Mr. Folkenroth admits that he failed to notify anyone in writing, including the named Defendants, that he was not receiving his medication. He did not request to have his medication refilled or request that he be examined by a physician during that time. (#23-6 at pp.13-14)[4]

On October 10, 2012, Mr. Folkenroth submitted a request for medication. (#23-2 at pp.9, 10) An appointment was scheduled for October 16, 2012 with Health Resources of Arkansas. (#23-2 at p.9) Mr. Folkenroth filed similar medical requests on October 11th and 12th. (#23-2 at pp.11-13) After his initial visit with Health Resources of Arkansas on October 16, 2012, Mr. Folkenroth returned for medical evaluations on November 1, 2012; November 27, 2012; December 4, 2012; and January 15, 2013. (#23-4 at pp.19-22) Additionally, on October 17, 2012, the day after his initial visit with Health Resources of Arkansas, Mr. Folkenroth was transported to Ozark Health for

---

[4] Mr. Folkenroth's medical records show that on September 19, 2012, he requested to have a tooth pulled, and an appointment was made with Dr. Hubbard. (#23-2 at p.8)

emergency treatment related to an altercation at the Detention Center. (#23-2 at pp.14-16; #23-5 at pp.25-52) Importantly, after October 2012, his therapist refused to refill the prescriptions that Mr. Folkenroth was given while housed at the Detention Center and determined that he should be treated with therapy.[5] (#23-6 at pp.18-20)

      Mr. Folkenroth cannot show that the named Defendants acted with deliberate indifference to his medical needs while he was housed at the Detention Center. According to his medical records, Mr. Folkenroth's medical needs were consistently monitored. Moreover, Mr. Folkenroth has failed to present any evidence that the named Defendants were aware of any unmet need for medical treatment or medication. Rather, in his deposition, Mr. Folkenroth testified that he did not speak to either Defendant Bradley or Murray about his need for medical treatment prior to filing this lawsuit. (#23-6 at pp.9-11) Moreover, although Mr. Folkenroth claims that he notified Defendant Dunham that he was in need of medication, the evidence shows that when Mr. Folkenroth was seen by medical personnel at Health Resources of Arkansas, his prescriptions were not refilled. Because Mr. Folkenroth has failed to present any evidence to create a

---

    [5] The Court notes that although Mr. Folkenroth prescribed Buspar in October 2012, his prescriptions for Clonazepam, Tramadol, and Trazaclon were not renewed. (#23-4 at p.19) The notes from his October 16th visit with Health Resources of Arkansas indicate that Mr. Folkenroth was "primarily med-motivated for seeking TX (previous RX of Trazadone, Clonazepam, Tramadol from jail physician." (#23-4 at p.18) Further, according to Mr. Folkenroth's medical records, after December 2012, all prescription medication was apparently discontinued. (#23-4 at pp. 21-22)

genuine issue of material fact on this issue, the Defendants are entitled to judgment as a matter of law.

### D. Grievance Procedure

Mr. Folkenroth also complains that Detention Center employees failed to respond to his grievances. Unfortunately for Mr. Folkenroth, the Eighth Circuit Court of Appeals has held that prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); and *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983. This claim fails as a matter of law.

### IV. Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#21) be GRANTED. Mr. Folkenroth's claims should be DISMISSED, with prejudice.

DATED this 2nd day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE